The fourth district appellate court of the state of Illinois has reconvened. The Honorable Robert J. Steigman presiding. Thank you Mr. Bales. Good afternoon counsel. First case this afternoon excuse me is 423-1181 people the state of Illinois versus Kiani Spiller. I'll ask counsel to identify yourself. Counsel for the appellant please identify yourself. Good morning your honor or good afternoon your honors. I'm Madison Heckel on behalf of Mr. Spiller. Thank you and counsel for the appellate. Good afternoon your honors. My name is David Mitchum. I'm with the appellate prosecutors on behalf of the state. I give respect on behalf of the appellate. Thank you. Thank you your honors and may it please the court. I am from the office of the state appellate defender representing Mr. Spiller. Mr. Spiller was convicted of unlawful possession of a controlled substance as well as unlawful possession of cannabis with the intent to deliver. Police had searched his car based solely on the smell of cannabis and they found within that search a bag that contained a small amount of ecstasy as well as some cannabis found in dispensary-like containers. After trial counsel failed to file a motion to suppress the evidence and the state failed to prove that Mr. Spiller knew what was within the bag and that he possessed it he was sentenced to nine years one year short of the maximum sentence. I first plan to discuss the issue of reasonable doubt but I anticipate we will also discuss trial counsel's failure to suppress file a motion to suppress the evidence based on the supplemental motions. Yes counsel as a matter of fact that's where I would like to begin my questions pertaining to your argument. You're raising ineffective assistance of counsel and you're familiar with the Strickland standard talks about essentially a two-pronged test where you must show that counsel's performance fell below an objective standard of reasonableness and second that a reasonable probability exists that for defendants deficient performance the result would have been different. In your brief you're asking us to follow people versus page where the first district sent this case report back down for a hearing to see a motion to suppress because the court thought that there was the argument was defense counsel had failed to file a motion and the court thought that might be merit to it and sent the case back down while keeping jurisdiction. In page the first district also wrote the trial counsel's decision regarding whether to file a motion to suppress generally involves a matter of trial strategy is entitled to great deference and to overcome the trial strategy presumption the defendant must show reasonable probability that the motion would have succeeded and the outcome of the trial would have been different and further court wrote counsel's failure to file a motion to suppress does not demonstrate incompetent representation when it turns out the motion would have been futile. So when you're asking us to follow page because you are claiming that this was ineffective counsel and we should follow their example. So my first question is this when addressing whether trial counsel was ineffective for not filing a motion to suppress shouldn't this court and on remand if we were to do that the trial court inquire into why defense counsel may have decided not to file that motion. Some possibilities none of which are revealed in this record because as this court has written in the past it's difficult to speculate about what counsel knew or what the record may show when no motion to suppress was filed so we don't know. There are some possibilities such as this maybe counsel and we I think have to presume I think that's part of the process that defense counsel at the trial level understood the law and understood the facts of the case. So the question is would trial counsel think that the motion wouldn't be successful? Would he decline perhaps to file a motion to suppress because of plea negotiations? I don't know if you're familiar with trial practice but the three judges in this panel understand that that's not an infrequent occurrence in routine cases like this where the defense attorney is told by the state if you're going to file a motion to suppress we have to litigate it. Forget about any plea deals at that point we're just going to try it. Or what about the possibility of a likelihood that a good faith exception would apply if the defense counsel were to raise that issue? What about these matters? Are these things that this court and the trial court in remand would have to be addressing? Thank you your honor. At the time of Mr. Speller's trial there was a split in the fourth and third districts about whether or not the motion to suppress would have been successful. I would note that at the time that Mr. Speller's car was searched two cases within the fourth district or two scenarios had happened where a motion to suppress based on the smell of cannabis were both successful. So it was very much in the air as to be known that. I'm not sure if I understood you're saying that the fourth district had upheld motions to suppress because the smell of cannabis wasn't enough? At the time that Mr. determined on appeal that they were later reversed. Well but the fourth district had held that the smell of cannabis was enough, had it not? The fourth district had. You are correct about that. I believe you wrote Molina yourself. This is a case in McLean County so that decision would have applied to McLean County, would it not? Molina specifically was raw cannabis as is of note in this case. We do not know if the cannabis smelled was raw or burnt. I would suggest that the police smelled burnt cannabis because almost immediately upon attending the car the police asked Mr. Speller had anyone been smoking but it was unclear. So this would have been clarified in a motion to suppress. And so council should be presumed to know the facts of the case and should be presumed to know Molina. And if council leaves its smell raw cannabis then Molina would apply, wouldn't it? Yes but nothing in the record indicates that council did know that. Nothing in the case. So we should presume council didn't know it? Isn't that contrary to how we're supposed to address it? Let me go earlier this year. I'm going to quote something to you. Earlier this year this court wrote the following on this point with regard to four presumptions to be made concerning claims of ineffective assistance of council. First we presume that council's actions or inaction are the product of sound trial strategy. Second we presume that council knew the law and how to apply it. Third we presume that council fully investigated potential defenses and knew the facts of the case. The fourth we presume that council's actions and representations of the trial court were ethically sound. That means we should presume the council understood Molina and understood the facts of its own case. And if this was raw cannabis that would be a reason not to file a motion to suppress, would it not? Except Molina had been already accepted by the Supreme Court to be heard and Redmond had somewhat contradicting in the fact that it was burnt cannabis instead of raw. But so council should have known that this issue was not fully clarified by the Illinois Supreme Court. But is that the standard for ineffective assistance of council? Let me go back and mention again the standard in Strickland 40 years old and the Supreme Court of the United States hasn't changed it. Is council's performance fell below an objective standard of reasonableness? Isn't your argument now before this court that council is required to preserve an issue merely for the possibility that it might later become meritorious by a subsequent change in the law? Isn't that your argument? I would argue that there was it was unclear whether or not it would have been meritorious particularly because nothing in the isn't your argument essentially that defense counsel is required to preserve an issue like filing a motion to suppress in this case merely for the possibility that it might later become meritorious by a subsequent change in the law. I think what you are what you are stating is too broad as I assume I presume you would know the at the moment that the issue is before the McLean County Circuit Court there was no merit to that motion. But it had already been it had already been appointed or approved to be heard before the Supreme Court so it's unclear whether that's there's no basis for the trial court had a motion been filed and heard to grant the motion based upon a PLA having them to grant it. The trial court would have to follow Bolina would it not? The trial had had it been clear that the cannabis was raw yes which in this case it is not. So the trial so that motion would have been denied. If it was clear the cannabis was raw yes. Okay so is there any case law that stands for the proposition that defense counsel must add clairvoyance to the standards of deciding whether or not to file a motion to suppress that is even though there's no basis to grant the motion now because the trial court in McLean County would have to deny it maybe the Supreme Court would reverse that judgment and maybe then the defendant would be able to preserve that issue. Is there any case law that so holds? The Supreme Court of the United States has held that that it is if something is fundamental to the case counsel is supposed to be aware of that area of law and so counsel would know that this was an issue that was pending because it had not been directly addressed by the Supreme Court in any fashion since the legalization of cannabis in 2020. So the possibility of a change is enough to render counsel's decision not to file a motion to suppress as coming falling below an objective standard of reasonableness within Strickland. I think the difference is whether or not it is going to be directly heard by the Supreme Court already at that point in time counsel was very aware that the law of cannabis had been changed that the Supreme Court and appellate courts were going to have to consider issues they had not considered prior to 2020. So it is up to counsel to clarify the record and maintain the maintain these issues on appeal for any chance of success on this there's no reason that a an attorney should not pursue the possibility of suppression of the evidence. Regarding the Page case again this the first district decided to take this case and send it back to the trial court for a hearing on the merits of the motion to suppress but doesn't that presume isn't the first district by doing that presuming that the first prong of the claim of ineffective assistance of counsel has been established namely the council's performance fell below an objective standard because one of the to be clear following your argument maybe we should send this case back if we were to do that wouldn't the first question be to address the prong and ask defense counsel who is counsel a trial why didn't you file a motion to suppress because council had good strategic reasons not to and that would defeat the motion wouldn't it well in this case because it is not clear whether or not the cannabis is raw or burnt if it was raw as you've said melina would rule and it would not have been meritorious but if it were burnt there is a very strong likelihood based on people v redmond that it would be successful and so therefore we need to determine whether or not the cannabis is raw or burnt before we can determine whether or not counsel was ineffective based on what you are saying and so that's another question about this is we're evaluating whether counsel's action was appropriate and not filing a motion to press even if it were the case that there was a change in the law this court recently found an opinion in which we reiterated that absent police misconduct the exclusionary rule does not apply what was the police misconduct in this case i'm sorry you're saying that absent the you're are you going back to the decision we wrote we reiterated was absent police misconduct the exclusionary rule does not apply given the facts of this case what was the police misconduct which would justify the application of the exclusionary rule i i just i would argue that these the police should have been aware because of the change in the law that the smell of cannabis alone was not necessarily sufficient to establish probable cause so that's police misconduct and they couldn't rely upon a decision of the appellate court in deciding to conduct this search if if this melina did not exist at the time of the search melina came out in 2022 and the search melina was decided in november of 2022 over six months after the search occurred so at the time there was no appellate decision saying whether or not there was probable cause well given melina's decision wouldn't this be a good faith exception for the police what well i would circumstances i would argue that the good faith exception is not something that the defense council should have considered because that is the state's burden to me the defense the defense is not supposed to do the state's job for them the defense is supposed to file motions that it believes to be meritorious and then the state would establish whether or would argue whether or not that good faith existed okay i've taken up too much of your time otherwise i apologize you want i said i apologize for taking up so much of your time you may continue otherwise go ahead you are no no worries thank you um going to the um reasonable doubt argument i would argue that the state did not meet its burden in proving that mr spiller had knowledge or possession of the cannabis or of the contraband and most importantly the state did not meet its burden of proving that spiller had the intent to deliver the cannabis um well we're focused on that the issue of of knowledge and possession i guess my question is when we talk about your argument that there was and if i've got this correct no circumstantial evidence to support the state's theory that the defendant knew the contents of the the gucci bag however i guess my question is doesn't contraband found in a vehicle under the control of the defendant give rise to an inference of knowledge and possession by him and secondly hasn't that been found to be sufficient in and of itself to sustain a conviction um um status of the of mr spiller as the owner and driver of the vehicle does not necessarily mean that he is in possession of everything within the area and not and does not indicate that he necessarily knew of everything within the vehicle um there have been cases that have shown that the driver knew what was within one area of the vehicle but not another and that the driver did not know of everything within the within that the passengers of the car had you're correct that it does wrap it does give rise to the inference but it is not dispositive and there's no additional circumstantial evidence to support that inference in this case but he did at one point possess the bag and there was cannabis near the gear shift correct um he was there was not sufficient evidence supposedly to show that he possessed the cannabis near the gear shift because he was not charged with that um and then he you're correct that he was seen with the bag before the party but the officer that viewed him seeing with the bag did not see anything that occurred during the party he says he does not recall seeing a mr spiller during the party and there's a lot that could have happened between the time when he had the bag and when mr banks had the bag getting back which leaves significant room for reasonable doubt that he that the cannabis was already in there or whether anything was brought into the bag what once mr banks took possession of the bag and the state tries to tries to say that there was joint possession between mr banks and mr spiller but there is no evidence showing that mr spiller had immediate and exclusive control of this bag and that mr banks intended to share control of this bag it was not within arm's reach it was behind him so he would not be able to reach it while he was driving and there was no indication that um he he made no indication when he was pulled over that he was trying to tell mr banks to put the bag away hide it or anything of that sort um if that is everything i will retain my rest of my time for rebuttal thank you your honors i'm having trouble hearing you justice steigman i cannot hear you as well still uh so you justice steigman i cannot hear you at all right now can you hear me yes i can hear you okay just okay justice steigman i can hear you okay you can hear me i can hear you now yes sir okay well so hopefully that was a minor glitch i'm sorry about it so mr mansion at this time you may proceed sir okay thank your honors i will address first the question of competency of counsel and as your honor noted there is a presumption that of that his decision was a reasonable tactical one or strategic one at the time of this case the supreme court and the fourth district had said the smell of cannabis alone is sufficient for probable cause there is no distinction that i'm aware of or can recall between uh burnt or raw cannabis as far as the smell providing basis for a search prior to redmond so the council at the time with in full possession of all the discovery materials none of which is before this court made a reasonable decision that hey given the law in the fourth district a motion to suppress was going to fail because if there's a split in the district the trial courts are required to follow the decision in the district which is sitting the fourth district in uh role prior to this case back in 2021 had said that the smell of uh um cannabis alone and then back in uh 85 the supreme court had said that the smell of cannabis alone that was the prevailing law so that it was reasonable for counsel to say hey there's no reason to file it's going to fail and i think justice stein your your point is correct uh council is requiring clairvoyance on the part of trial counsel not only to anticipate that the law might change not anticipate not only the supreme court is going to address the issue but he's got to anticipate and predict the exact outcome i don't think that the decision in redmond is a foregone conclusion that the going in that the supreme court was going to rule the way they did because the supreme court does state and there are many times that the smell of cannabis even under the current law can give rise to inferences that the current laws are being violated but then they just went on because to say that nevertheless the smell alone is not enough well here we don't know that the smell alone is was the basis for the search because council with full knowledge of all the information made the decision not to follow this motion suppress so we have a lot of information that's not available uh including as justice segment says counsel's reading why he didn't so if if this ever gets sent back you have to have first address the question what was counsel's thinking why did he not file it and then you get into the question of okay was that uh oh is he was there prejudice because of that and in uh gaiden the uh supreme court said that no when the uh defendants files a motion to uh claims an appeal that counts as ineffective the uh and the record's insufficient to uh resolve the issue you don't send it back for a uh evidentiary hearing on that matter it's left to this uh post-conviction proceedings so that this disagree with people versus page well page conflicts with gaiden which is my problem with page uh uh page said we're going to send it back because it's unfair to require the defendants file a post-conviction petition because by the time this all gets resolved to the post-conviction position he could be out of jail anyway that was the reason that uh the page court said we'll send it back for a hearing to determine whether for a full uh evidentiary hearing well in gaiden the court says no the fear this case is going the time's going to lapse is not a basis to uh send it back for a hearing that the guy's remedy is post-conviction and in that case the defendant could not file a post-conviction petition because he had fully served his time was out of jail by the time the case was decided so to say that uh remand is required by page i think conflicts with uh gaiden but if it does get sent back it does not get sent back simply for the is it raw or uh burnt cannabis it has to go back for the full circumstances of the search starting with counsel's uh uh decision making thing why did he not file he could you know he has many reasons not to the uh governing law was that the smell was enough he could have felt okay it's not it's a waste of time to file it there's also the problem of good faith uh uh well counsel suggests that the uh state's attorney is required to bring it up when you're trying to decide whether to file the motion you know you don't just look at your side of the case you look at okay what can the state prove and what can the state argue and if is the state's argument going to be accepted by the trial court if it's uh if the anticipated response of my motion is going to be good faith the trial court's going to rule against me on that basis so i'm just not going to bother so again there's no uh the reasoning uh it's a reasonable tactical decision as of the time of this case for counsel not to file the motion to suppress counsel there was another point i raised and i don't recall seeing any case law on it but on the question of tactical judgment by defense counsel i remember back from my time when i had honest work as a trial judge as i like to put it when uh i recall seeing instances where the um defense counsel forgo for one filing motions especially motions suppress that would require a lot of time and effort to respond to and when the motion may have been perhaps a long reach to begin with because the prosecutor's office said look if you're going to make this do that then we're just going to go to trial and forget about trying to on a plea agreement because i've already had to try the case it seems to me that uh as to tactical judgments especially in a case like this where we uh have some case law already suggesting the motion is not likely to be to prevail to be well received that the the prospect of plea negotiations which we don't know on this record would never know uh any discussion had would be an important factor are you aware of any cases that have dealt with this i'm not uh the closer thing i'm aware of is cases where the defendant pleads guilty and forgoes uh the motion suppressed as part of the uh plea agreement itself but as far as any discussions as far as uh counsel's competency based on uh ongoing negotiations i've not seen anything like that either no your honor okay go ahead but but again that does go to the question of was counsel ineffective or was did it fall below a reasonable level of representation not to file a motion to suppress at the time of this trial based on the prevailing law which meant he was going to lose and based upon the expectation that if i file it the state's going to argue uh that the officers were acting in good faith based upon that prevailing law there and to say the officers were not acting in good faith because there's a split in the districts uh it asking a little bit much of the uh average police officer on the street uh the especially when the last time the supreme court had dealt with the issue they had said yeah the smell is enough and in the recent cases this we're not going to get into the weeds as to whether the changes of the law require a different standard as far as uh smell of cannabis so given the state of the law at that time and given the lack of a clear record here as to why whether the uh motion suppress would be successful under redmond because we don't know that counsel says that uh what happened at the park cannot be considered as far as this uh search the car but i i submit it could be well be if the police see drug dealing in the park they see defendants co-defendant uh passenger uh buying or selling drugs if they if they know the defendant is a drug dealer these are all questions that we don't know we do know that one of the officers knew the defendant how he knows him was excluded from the record that was how he knew that knew the defendant and saw him carrying the gucci bag that can't contain the uh drugs that he was charged with picking up on that point that also reminds me that um the uh record doesn't show what the police knew and the record doesn't show if a motion suppress has been filed what evidence uh the state might have been able to present uh in support of it uh the defense argues appropriately that gee the cops just said they stopped the car because of tinted windows well that's what they said at the time to the defendant and i'm sure that uh was a factor maybe uh they had other things going on all the reasons that absent a motion to suppress they didn't volunteer and maybe uh uh wasn't going to come out until such time as the motion is suppressive and filed and the prosecutor would gather the police and say what all did you know it's also about what you saw and uh whether to what extent that would have justified a uh stop even a terry stop as opposed to even to the search that'd be correct that's correct your honor that that's why uh that's why i was in my brief i was suggesting that this court should could just duck the issue and effective simply because there's not enough here and as in gaiden require the defendant to file the uh post conviction petition but i suggest that on this record given the state of the law that defendant cannot meet the first prong of uh counsel's performance that it was not unreasonable at the time of this trial not to file a motion to suppress unless you have unless counsel is supposed to predict not only that the supreme court is going to address the issue but correctly predict which way the court is going to rule and the case law says that there is no such duty of clairvoyance yeah that's speaking about post conviction petition one of the differences between page and a post conviction petition if we were to affirm and let's say there's a good this matter is going to be addressed in a post conviction petition uh raising ineffective assistance of counsel that'd be the two-prong requirement fence would have to establish and one of the prongs we'd have to put defense counsel on the witness stand and what were you thinking what did you know you didn't follow why not and uh what my problem with the page court is that stage the first prong inquiry is completely eliminated the page court assumes apparently that uh this is an appropriate inquiry go right to stage two the second prong inquiry to find out whether or not the motion would have been granted that's correct would you be following this connection not on the question of ineffective assistance but uh if the court has questions about the reasonable doubt argument i'll entertain them or otherwise i can just stand on my brief i will note that the defendant was uh identified as carrying the uh gucci bag the standard of review is take all the evidence in the light most favorable to the state and determine whether any reasonable trier effect could determine guilt beyond a reasonable doubt we don't do a point by point discussion of every item of evidence and every inference and draw every inference in favor of the defendant are you suggesting that it's reasonable for the jury to infer that the defendant knew what was in the bag he was carrying yes i think it's perfectly reasonable i i don't know uh unless we're going to say that the jury has to speculate that uh the defendant gave it to somebody who gave it to somebody who gave it to somebody who put the drugs in it who gave it to somebody else who gave it back to the defendant uh the that's not the standard reasonable doubt can you come up with a scenario that that proves the defendant innocent and that seems to be counsel's uh defendant's argument here is that there are other inferences that could have been drawn it should have been drawn therefore we need to reverse and that's simply not the standard uh the defendant did not testify in this case so we didn't hear his disclaiming any knowledge of the contents of the gucci bag that's correct and as far as the intent to deliver again the the there's uh the in to take an inferred intent to deliver from the amount of cannabis which was in excess of what you can possess for legal use the presence of two types of drugs the presence of other drugs in the car that he's not charged with and i submit that the fact he's not charged with those other drugs does not mean anything other than that the state decided okay we're going to charge him with the gucci bag because that's the easier uh thing to prove because we had him in actual possession of the gucci bag at one point it's an easier case to make than uh drugs on the floor and the glove compartment or by the stick shift so they have the amount of money he's gotten his possession which the author said was consistent with drug dealing and they had the two weapons of the car so all most of the factors generally relied on for showing intent are present in this case uh counsel defendant has suggested that two of the factors should no longer be considered namely possession of money and the manner of packaging i say they still can be considered they cannot be excluded from the list is just what kind of inferences can be drawn from that and that goes to the weight of the evidence not the uh and uh because if you have a uh cannabis in a tied-off corner of a baggie uh uh it's more likely to show intent to deliver than uh the cannabis stock in the car so you have to consider the cash and manner of packaging and note here that the uh uh the uh technician that tested drugs noted that the uh uh cannabis here was in uh california had california tax tags on it which means that uh defendant or somebody had to go to california to get the drugs which would seem to me to be an indication of uh intent to deliver because i don't know how many people uh make a trip out to california just to get drugs just to use for their personal basis and i don't uh for an average juror i don't know how many how many jurors they would know would expect very many people to be going to california to get drugs for personal use when you can go to the uh corner dispensary so there's no other questions i will send them a brief thank you thank you counsel miss heck on behalf of the balance you may uh make your rebuttal argument thank you first and foremost in response directly to the california tax there is nothing in the record that indicates whether or not that the california tax means that cannabis came from california there's nothing in the record that says how dispensaries label uh cannabis in illinois versus california or whatnot so what the state is saying is merely speculative um to redirect back to the um ineffective assistance argument um at the time of this case hill had not hill while hill did not to overturn stout it's it specifically said that it was not considering the new legalization of cannabis because the fact pattern in hill occurred before legalization further role that the state sites was also a fact pattern that occurred before legalization so neither of those were considering legalization and its effects um the supreme court did not specifically say that it was still probable cause it was very much still up in the air at the time because one does not need to be clairvoyant to know that if cannabis is no longer illegal that it may have an impact on um probable cause determination defense counsel is meant to be zealous and to fight adamantly for their clients in the way that is going to best be supportive of their client's case and in that in this case the best outcome would be to suppress the evidence which would only occur if council had filed a motion to press um and further had had we not raised this issue state in a different case could argue that we should have challenged the this exact issue because it was an issue before the supreme court it does not require clairvoyance to know that the law may change when the supreme court has already said they will specifically address a question um the state also mentioned that we do not know that the smell alone was the reason for the search but i would point to the record where the the police told spiller specifically they were searching his car because of the smell of cannabis they wrote in their arrest reports that they were searched the car based on the smell of cannabis and police testified at trial that they searched the car based on the smell of cannabis there's it doesn't make sense why council or why the police would not put that in either their police report or at trial if there was another reason why they decided to search the car um further um gleece testified at trial that he did not see anything occur during the party while there may be facts missing from the record because they weren't brought out through the litigation count uh the police officer specifically testified that he did not recall seeing anything occur during the party with mr spiller so that was not that is not it is known from the record that he did not witness any sort of transaction or any drug dealing or any drug use or anything occur with mr spiller or anything else to turn to the remand situation we did not cite page to in support of the idea that spiller may be out by the time of post-conviction occurs but for the sake of judicial economy if this were to go before a post-conviction and we are arguing that the same issue that council was ineffective for failing to raise this issue the determination of whether or not the cannabis was raw or burnt still needs to be discovered and that the factual basis will still not be there and we would just be in the exact same scenario so for judicial economy it makes more sense that we address the issue now so that we can get the record fully fleshed out for that argument to be made so that we have all of the understanding if we were to agree with you and remand the case back are you suggesting then the trial court would have to conduct a first prong inquiry on remand to ask defense council what he knew and why he didn't uh file a motion to suppress i would argue instead that just the question of whether it was raw or burnt because as you and the state are suggesting if it were raw it would be suppressed and if it were burnt it would or no if it i apologize if it were raw it would not be suppressed and if it were burnt it would be then that is and that is a very important distinction that would require that would be indicative of the outcome of whether or not it was and also there's nothing in the strong of the strickland test should just be overlooked well i just there was nothing in the record that any sort of plea deal was in process and by the time we went to trial there they said they were ready for trial so the risk of getting rid of a possible plea deal is no longer on the table so it was no longer an issue trial council needed to consider time's up uh i want to mention i thought both of you did a very nice job an oral questions and to your credit you responded appropriately and i thank you for that so with those words then uh we will take this matter on advisement we're under a decision in due course and stand in recess